# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TINA G. LARSEN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 06-236-S-LMB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY | ) | **AND ORDER** |
| ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court is Tina G. Larsen's Petition for Review seeking review of the final decision of Respondent denying her claim for Title II Social Security disability benefits. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

Tina G. Larsen ("Petitioner" or "Claimant") applied for disability insurance benefits under Title II of the Social Security Act on October 6, 2003. Petitioner alleged disability beginning April 4, 2002 as a result of depression, anxiety, and hepatitis C. (AR 64-66). Petitioner's application was denied initially (AR 43-45) and again after reconsideration (AR 49-53).

**MEMORANDUM DECISION AND ORDER - 1**

On May 18, 2007, a video hearing was held.  (AR 35).  Petitioner, represented by counsel, appeared and testified.  (AR 225).  Medical expert, J. Michael Dennis (AR 259) and vocational expert, Polly Peterson (AR 263), also appeared and testified.

At the time of the hearing before the ALJ, Petitioner was forty-eight years of age with a college education.  (AR 18).  Her past work experience includes employment as a diagnostic medical sonographer.  (AR 264).

On November 8, 2005, the ALJ issued a decision denying Petitioner's claim because he found that Petitioner retains the capacity to perform her past relevant work.  (AR 18-34).  Petitioner requested the Appeals Council review the ALJ's decision.  (AR 10).  The Appeals Council denied Petitioner's request on May 5, 2006, making the ALJ's decision the final decision of the Commissioner of Social Security.  (AR 5-7).

Having exhausted her administrative remedies, Petitioner timely filed the instant action.  Petitioner argues that the ALJ erred by failing to: (1) consider the statements of Petitioner's vocational rehabilitation counselor and (2) provide support for his finding regarding Petitioner's residual functional capacity.  *Petitioner's Brief in Support of Petition for Review*, p. 2 (Docket No. 14).  Petitioner requests that the ALJ's decision be reversed or, in the alternative, this matter be remanded in order to allow the ALJ an opportunity to further evaluate the evidence.

## II.

### STANDARD OF REVIEW

The burden of proof rests upon Petitioner to establish an entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an

**MEMORANDUM DECISION AND ORDER - 2**

administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920 (2005).

 To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards.  42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

 Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

 With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony,

**MEMORANDUM DECISION AND ORDER - 3**

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

## III.

## DISCUSSION

### A.    Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997). The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §

**MEMORANDUM DECISION AND ORDER - 4**

404.1520(a)(4)(i).  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. §

404.1520(b).  In the instant action, the ALJ determined that Petitioner has not engaged in

substantial gainful activity since her alleged onset date. (AR 19).

The second step requires the ALJ to determine whether the claimant has a medically-

determinable severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).

If the answer is in the negative, disability benefits are denied.  20 C.F.R. § 404.1520(c).  The

ALJ found that while Petitioner does have medically determinable impairments of depression

and anxiety, the evidence does not "establish that they lasted for a continuous 12 month period

since her alleged onset date."  (AR 20).  Thus, the ALJ concluded that Petitioner's depression

and anxiety are not medically-determinable severe.  (AR 20).  In contrast, the ALJ concluded

that Petitioner has hepatitis C, an impairment that is considered to be severe within the meaning

of the Regulations.  (AR 20).

The third step in the evaluation process requires the ALJ to determine whether the

claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P,

Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the answer is in the affirmative, the claimant is

disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded

that Petitioner's hepatitis C impairment is not severe enough to meet or medically equal, either

singly or in combination, any of the Listings of Impairments set forth in Appendix 1, Subpart P,

Regulations No. 4.  (AR 20).

The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's residual functional capacity is sufficient for the claimant to perform past relevant

**MEMORANDUM DECISION AND ORDER - 5**

work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that Petitioner retains the residual functional capacity to lift and carry up to 20 pounds occasionally and ten pounds frequently, stand and/or walk at least six hours in an 8-hour workday, and sit six hours in a workday.  Petitioner has an unlimited ability to push and pull, can occasionally climb, balance, kneel, crouch, stoop and crawl.  Petitioner has no manipulative limitations or environmental limitations.  The ALJ concluded that Petitioner's residual functional capacity is generally consistent with a significant range of light work.

The impartial vocational expert testified that an individual who suffered from Larsen's alleged limitations would be unable to work.  (AR 265).  However, based upon the ALJ's determination of Petitioner's residual functional capacity, the vocational expert determined that Petitioner could return to her past relevant work as a diagnostic medical sonographer.  (AR 32). The ALJ therefore concluded that Petitioner retains the residual functional capacity to perform her past relevant work and, thus, is not disabled as defined in the Social Security Act.  (AR 33).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  Because the ALJ found that Petitioner can perform her past relevant work, the ALJ did not address this fifth step.

## B.    Analysis

Petitioner argues that the ALJ erred by failing to consider a letter provided by Ms. Larsen's vocational counselor and issuing a finding regarding Petitioner's residual functional

**MEMORANDUM DECISION AND ORDER - 6**

capacity ("RFC") without support in the record.  *Petitioner's Brief in Support of Petition for Review*, p. 2 (Docket No. 14).  As discussed in greater detail below, both arguments have merit and warrant a remand of this case for rehearing and a thorough reconsideration of Petitioner's claims.

### 1.  The ALJ Did Not Consider All the Relevant Evidence in Determining Petitioner's RFC

In assessing a petitioner's RFC, the ALJ must consider "*all* of the relevant evidence in the case record."  Social Security Ruling ("SSR") 96-8P, 5 (1996) (emphasis added).  This includes lay evidence and work evaluations, if available.  *Id.*  "In assessing total limiting effects of [a petitioner's] impairment(s) and any related symptoms, [the SSA] will consider all of the medical and nonmedical evidence."  20 CFR § 404.1545.  "Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone."  SSR 96-8P, 5.

In the instant case, the ALJ erred by failing to consider a letter in the administrative record from Kelli Leiner, a Rehabilitation Counselor with the Idaho Division of Vocational Rehabilitation.  (AR 106).  The letter, dated April 26, 2005, states as follows:

> Ms. Tina Larsen is a current client of mine who is seeking employment with the assistance of our agency, however due to her numerous and severe physical symptoms related to her documented diagnosis of Hepatitis C, I have been forced to delay services.  She was initially scheduled to perform a work evaluation.  Tina's continuing nausea and fatigue do not allow for this to happen.

(AR 106).  Ms. Leiner also describes Petitioner's personality or character as follows: "Ms. Larsen is a genuinely warm individual who has captured the hearts of many of her service

**MEMORANDUM DECISION AND ORDER - 7**

providers.  As we strive to help better her life, we are hoping you can lend a hand as well." (AR 106).

The letter, which is consistent with Petitioner's testimony regarding her alleged limitations as well as that of treating physicians, Drs. Rosser and Kimsey, is relevant as a means of assessing Petitioner's RFC.  In addition, the letter should be considered as additional evidence regarding Petitioner's credibility and character.  Because the ALJ failed to consider this evidence, his finding regarding Petitioner's RFC is in error.

  2.  **The ALJ's RFC Assessment Lacks Evidentiary Support**

The ALJ rejected every medical source in the record, including the state agency assessments.  As a result, the RFC assessment is without foundation.

When a claimant has a severe impairment that does not meet or equal a listed impairment, the ALJ's must consider the "limiting effects of all . . . [the] impairments, even those that are not severe," in determining a claimant's RFC.  20 C.F.R. § 404.1545.  The ALJ must include a specific evaluation of allegations of fatigue, which must be included in the RFC evaluation if the claimant has alleged a condition that could be expected to produce fatigue.  *Reddick v. Chater*, 157 F.3d 715, 724-25 (9th Cir. 1998).  Further, the RFC findings must be supported by specific references to the record, and the ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC."  SSR 96-8P, 5.

In the instant case, the ALJ concluded that he did not find the treating physician's assessments of Petitioner's RFC "controlling or persuasive."  (AR 29, 30).  In addition, the ALJ "placed limited weight on the reports . . . of the state agency reviewing medical sources who

**MEMORANDUM DECISION AND ORDER - 8**

found that claimant's medical and physical impairments were not severe." (AR 30). As a result, the RFC is left without evidentiary support and the paragraph of the ALJ's decision with the RFC findings does not cite to any medical evidence in the record. (AR 32).

Part of the problem is that the ALJ did not have an appropriate medical expert to address Petitioner's diagnosed physical ailment, hepatitis C. Petitioner testified that she experiences nausea and fatigue daily. (AR 225-26). These symptoms are consistent with her hepatitis C diagnosis. (AR 225). The independent medical expert testifying at the hearing, Dr. Michael Dennis, is a licensed clinical psychologist. (AR 259). Thus, Dr. Dennis' testimony was limited to assessing Petitioner's mental health and did not address Petitioner's hepatitis C symptoms and their effect on her RFC. (AR 259-62).

Because the ALJ's RFC findings lack evidentiary support, the decision must be reversed and remanded for reconsideration.

## IV.

## CONCLUSION

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act does not meet the applicable legal standards.

## V.

## ORDER

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for

**MEMORANDUM DECISION AND ORDER - 9**

further proceedings consistent with this Memorandum Decision and Order.  *See Melkonyan v.*

*Sullivan*, 501 U.S. 89, 99-100 (1991).



DATED:  **September 5, 2007**.

_____

Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**